NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARPREET SINGH; SARABJEET KAUR; GURTEJ SINGH, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1913 <br><br> Agency Nos. <br> A220-339-524 <br> A220-339-525 <br> A220-339-526 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Lead Petitioner Harpreet Singh, his wife Sarabjeet Kaur, and minor son

Gurtej Singh (collectively, "the Singhs"), natives and citizens of India, petition for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review of a decision by the Board of Immigration Appeals ("BIA") denying their motion to remand and dismissing their appeal from an order of an Immigration Judge ("IJ") denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA conducts a de novo review of the IJ's decision, our review is limited to the BIA's decision." *Malhi v. I.N.S.*, 336 F.3d 989, 992 (9th Cir. 2003). "Decisions by the BIA to deny motions to remand and motions to reopen are reviewed using the abuse of discretion standard." *Id*. at 993. We grant the petition.

1.      When a noncitizen fails to appear for a hearing, the IJ may order him removed *in absentia* "provided the government proves that it gave written notice of the hearing as required by statute and that the non-citizen is in fact removable." *Miller v. Sessions*, 889 F.3d 998, 999 (9th Cir. 2018) (citing 8 U.S.C. § 1229a(b)(5)(A)). As a "fail-safe mechanism," however, "[i]f the individual can show that [he] never received notice of the hearing, [he] may seek to rescind a removal order entered *in absentia* by filing a motion to reopen 'at any time.'" *Id*. (citing 8 U.S.C. § 1229a(b)(5)(C)(ii)).

An IJ ordered the Singhs removed when they did not appear for a hearing. The Singhs promptly filed a motion to reopen for lack of notice. The IJ denied the motion because the record reflected a written notice to appear ("NTA") accompanied by a certificate of service ("COS") signed by Mr. Singh. On appeal

to the BIA, however, the Singhs presented a joint declaration explaining that—contrary to the COS—the government never personally served a copy of the NTA or provided oral notice of the time and place of the hearing in Punjabi. Nonetheless, the BIA dismissed the appeal on the basis that the Singhs' joint declaration was "insufficient [evidence] on its own to rebut the presumption of regularity" that attaches to the service of an NTA.

Although the presumption of regularity applied, *see B.R. v. Garland*, 26 F.4th 827, 836 (9th Cir. 2022), the BIA abused its discretion in concluding that the Singhs had not rebutted it. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (holding that the BIA abused its discretion by improperly discrediting the petitioner's affidavit as "self-serving" and failing to properly consider "relevant factors weighing in favor of reopening").

The Singhs recounted a disjointed notice process where, although Mr. Singh signed the COS, personal service of the NTA did not occur. They described the involvement of several agents who worked in a hybrid remote-and-in-person format to process their paperwork. The Singhs' version of events was distinctly plausible, so the BIA was required to accept it as true. *See id.* ("Indeed, facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable.").

Further, the BIA failed to consider corroborating circumstantial evidence in

the record showing irregularities in the notice process consistent with the Singhs' account. *See B.R.*, 26 F.4th at 836 (citing *Sembiring v. Gonzales*, 499 F.3d 981, 988–89 (9th Cir. 2007)) (distinguishing a noncitizen's uncorroborated declaration "simply refuting" personal service from the evidence in *Sembiring*, in which "corroborating circumstantial evidence beyond the [noncitizen's] own statements" helped overcome the presumption). For example, although the COS indicates that the NTA was accompanied by a list of pro bono immigration attorneys, there is no record of such an attachment. Additionally, the Singhs' lawyer was not able to find the time and place of the hearing upon inquiry, likely because the government did not file the NTA with the immigration court until November 24, 2021, nearly a month after Mr. Singh signed the COS and just eight days before the hearing date.

Finally, the BIA disregarded the Singhs' lawyer's declaration for lack of personal knowledge of the service of the NTA but ignored that counsel had personal knowledge of the Singhs' diligent efforts to ascertain the date of their hearing. Counsel declared that the Singhs twice met with him to check the status of their hearing. They told him that they had attended a check-in appointment with Immigration and Customs Enforcement of which they had received notice. This evidence corroborates the Singhs' position that they intended to cooperate with the asylum process but the government never told them when their hearing would be held. *See Sembiring*, 499 F.3d at 988–89 (holding that the BIA erred in deciding

that a noncitizen had not overcome the presumption of effective service by regular mail because her asserted lack of notice was corroborated by evidence that "she did not have a 'motive to avoid immigration proceedings'").

2.     The BIA also abused its discretion in denying the Singhs' motion to remand to the IJ for consideration of their supplemental joint declaration and counsel's declaration.  The BIA cited *Matter of Coelho*, 20 I & N Dec. 464, 473 (BIA 1992), for the rule that remand is warranted if "the new evidence offered would likely change the result in the case."  *See also Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1181 (9th Cir. 2023).  But the new evidence before the BIA would have likely changed the IJ's decision.  The IJ's denial rested entirely on the assumed accuracy of the COS, but the declarations cast doubt on that assumption by asserting that personal service never occurred.

3.     In sum, the BIA abused its discretion by ignoring ample corroborating evidence and failing to credit the facts asserted in declarations as true in denying the Singhs' motion to remand and affirming the IJ's denial of their motion to reopen.  *See Sembiring*, 499 F.3d at 985 ("The BIA abuses its discretion when it acts 'arbitrarily, irrationally or contrary to the law.'").  Accordingly, "we grant the petition and remand to the BIA with instructions to remand to the IJ for further proceedings consistent with this [disposition]."  *See Perez-Portillo v. Garland*, 56 F.4th 788, 796 (9th Cir. 2022).

**PETITION GRANTED; REMANDED.**